UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
PURPLE EAGLE ENTERTAINMENT, INC.,  :
                                      Plaintiff,  :
        -against-  :
DAVID BRAY and REBECCA BRAY,  :
                                 Defendants.  :
------------------------------------- x



MEMORANDUM DECISION
AND ORDER

18 Civ. 3767 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Purple Eagle Entertainment, Inc. brought this action against Defendants David Bray and Rebecca Bray in New York Supreme Court asserting claims stemming from Defendants' conduct following the termination of their employment with Plaintiff. (Compl., ECF No. 1-1.) Defendants filed a notice of removal to this Court (ECF No. 1), and Plaintiff moved to remand. (ECF No. 6.) The action was later referred to Magistrate Judge Henry B. Pitman for general pretrial supervision and for reports and recommendations on dispositive motions. (ECF No. 16.)

On December 6, 2018, Magistrate Judge Pitman issued a Report and Recommendation (the "Report," ECF No. 31), recommending that Plaintiff's motion to remand be granted.[1] (*Id.* at 11.) In his Report, Magistrate Judge Pitman informed the parties that failure to file timely objections would constitute a waiver of those objections on appeal. (*Id.* at 11–12.) Defendants filed timely objections. (Objs., ECF No. 34.)

Defendants' objections are overruled and the Report is ADOPTED.

---

[1] In its opposition to Defendants' motion, Plaintiff sought an award of attorneys' fees. By Order dated December 17, 2018, Magistrate Judge Pitman directed Plaintiff to supplement its request with a submission citing precedents that support an award of fees and including contemporaneous time records. (Order, ECF No. 33, at 2.) Plaintiff filed its supplemental submission on January 7, 2019. (ECF No. 36.) Plaintiff's fee request remains pending before Magistrate Judge Pitman.

## I. LEGAL STANDARDS

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). Portions of a magistrate judge's report to which no or improper objections have been made are reviewed for clear error. *Id.* at *4. "[O]bjections are improper . . . [when] 'they are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge.'" *Azkour v. Haouzi*, No. 11 Civ. 5780 (RJS), 2017 WL 3016942, at *4 (quoting *Faucette v. Comm'r of Soc. Sec.*, No. 13 Civ. 4851 (RJS) (HBP), 2015 WL 5773565, at *2 (S.D.N.Y. Sept. 30, 2015)). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Portions of the magistrate judge's report to which objections are properly filed are reviewed *de novo*. 28 U.S.C. § 636(b)(1). But "[even] on *de novo* review, the [c]ourt generally does not consider arguments or evidence which could have been, but were not, presented to the [m]agistrate [j]udge.'" *Lebron v. Colvin*, No. 14 Civ. 5921 (CS) (LMS), 2018 WL 3471815, at *1 (S.D.N.Y. July 18, 2018).

## II. DEFENDANTS' NOTICE OF REMOVAL WAS UNTIMELY

As discussed in the Report, this action was filed in state court on November 28, 2016.[2] (Report at 4.) Plaintiff moved for leave to amend its complaint on December 19, 2017 and provided a proposed amended complaint. (*See* Supplemental Submission in Supp. of Pl.'s Request for Attorneys' Fees and Costs, Ex. A, ECF No. 36-1, at 2 (state court docket sheet).) The amended complaint alleged, among other things, that Plaintiff's damages on various claims exceeded

---

[2] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

2

$1,000,000. (Report at 4–5 (citing Am. Compl., ECF No. 1-9, ¶¶ 120, 128, 137, 146, 155).) After receiving leave, Plaintiff filed the proposed amended complaint on March 30, 2018. (*Id.* at 4–5.) Defendants filed a notice of removal on April 27, 2018, citing diversity jurisdiction as the basis for removal. (*See* Notice of Removal, ECF No. 1, ¶¶ 11–14.)

However, as the Report explains, a "case may not be removed . . . on the basis of [diversity jurisdiction] more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." (Report at 6 (quoting 28 U.S.C. § 1446(c)(1)).) If the "district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith." (*Id.* (quoting 28 U.S.C. § 1446(c)(3)(B)))

"[T]he defendant bears the burden of demonstrating the propriety of removal." (*Id.* at 7 (quoting *O'Donnell v. AXA Equitable Life Ins. Co.*, 887 F.3d 124, 128 (2d Cir. 2018) (internal citation and quotation marks omitted)).) Here, Magistrate Judge Pitman correctly found that Defendants "failed to carry their burden," because Defendants did not "allege[] that they took any steps to ascertain the amount in controversy prior to the expiration of [the statutory] one-year time limit" and did not "show[] that [P]laintiff took any steps to prevent [D]efendants from ascertaining the amount in dispute." (*Id.* at 10.)

Defendants contend that "Defendants' alleged failure to attempt to ascertain the amount in controversy early in the case was not an issue raised by Plaintiff in [its] moving papers." (Objs. at 3.) However, in its motion to remand, Plaintiff argues that Defendants, as the parties seeking removal, bore the burden of showing "that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." (Mem. in Supp. of Pl.'s Mot. to Remand, ECF No. 7, at 7–8 (quoting *MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 391 (S.D.N.Y.

3

2009) (internal citation and quotation marks omitted)). Plaintiff also argues that Defendants had the information necessary to make this showing at the time the initial complaint was filed, because Plaintiff's tortious interference claim alleged at least $55,000 in damages and Plaintiff's defamation claim alleged at least $25,000 in damages. (*Id.* at 14.) In other words, Plaintiff argues that Defendants "fail[ed] to attempt to ascertain the amount in controversy" despite possessing sufficient information to do so. (Objs. at 3.) Thus, Defendants' contention that this issue was not raised in Plaintiff's motion to remand is baseless. Because Defendants' argument regarding their attempts to determine the amount in controversy "could have been, but [was] not, presented to" Magistrate Judge Pitman, this Court need not consider it. *Lebron*, 2018 WL 3471815, at *1.

Even if this Court were to consider Defendants' argument, it would fail on the merits. Defendants argue that Plaintiff acted in "bad faith" by "refus[ing] to provide any response" to Defendants' discovery demands, filing a motion to amend the complaint more than a year after the action commenced, and engaging in "pervasive motion practice." (Objs. at 4–5.) However, Defendants cannot show that Plaintiff's alleged bad faith prevented them from determining that the requirements for diversity jurisdiction were satisfied at the time the initial complaint was filed. Although Defendants assert that "the initial complaint does not allege damages in excess of the jurisdictional threshold," Defendants are incorrect. (Mem. in Opp'n to Mot. to Remand, ECF No. 11, at 7.) The initial complaint lists items totaling $55,000 in damages that Plaintiff claims to have suffered as a result of Defendants' tortious interference. (Compl. ¶ 91.) While Plaintiff does not quantify the damages sought on its defamation claim, Plaintiff seeks damages "in excess of the jurisdictional limits of all lower courts." (*Id.* ¶ 88.) This statement conveys that Plaintiff "seeks more than $25,000, which is the jurisdictional limit of the Civil Court of the City of New York." *Faktorovich v. Fleet Car Lease, Inc.*, No. 17 Civ. 1824 (DLI) (LB), 2017 WL 1331264, at *2 n.1

4

(E.D.N.Y. Apr. 10, 2017) (citing *Woodley v. Massachusetts Mut.*, No. 08 Civ. 949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008)). "Since the diversity statute confers jurisdiction over 'civil actions' rather than specific claims alleged in a complaint, a plaintiff is permitted to aggregate claims in order to satisfy the amount in controversy requirement." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) (citation omitted).

Because it is clear from the face of the initial complaint that Plaintiff's aggregate damages exceed $75,000, the conduct that Defendants allege was "bad faith" did not "prevent [Defendants] from removing the action." 28 U.S.C. § 1446(c)(3)(B). Plaintiff filed the initial complaint on November 28, 2016. Defendants did not file their notice of removal until April 27, 2018, seventeen months later. (Report at 7.) Defendants' notice of removal was therefore untimely.

## III. CONCLUSION

Defendants' objections are overruled and the Report is ADOPTED. Plaintiff's motion to remand, (ECF No. 6), is GRANTED.

Dated: New York, New York
February 8, 2019

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

5